UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MILOUS BROWN**, | ) | **CASE NO.**: 4:15 CV 1782 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE JOHN ADAMS** |
| | ) | |
| **MICHELLE MILLER**, Warden, et al., | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondents. | ) | **AND ORDER** |

This action is before the Court upon objections filed by Petitioner, Milous Brown, asserting error in the Magistrate Judge's Report and Recommendation ("the R&R") as to each of his grounds for relief. (Doc. #8.) The Court ADOPTS the conclusion reached in the R&R IN PART. Respondents' Motion to Dismiss (Doc. # 5) is GRANTED IN PART. Petitioner's Motion to Proceed on the Merits (Doc. # 7) is GRANTED IN PART.

I.     FACTUAL AND PROCEDURAL HISTORY

Petitioner's objections address the analysis of his seven grounds for relief. Petitioner does not object to the factual background and procedural history presented in the R&R. In the absence of objection, this Court will accept the factual and procedural history reflected in the Report as written, but will also summarize the pertinent facts herein. As the R&R indicates,

Petitioner was indicted on multiple counts of Gross Sexual Imposition, in violation of O.R.C. § 2907.05(A)(4)(B), and a single count of Rape, in violation of O.R.C. §2907.02 (A)(1)(b)(B).  All three counts included age specifications as the alleged victims were less than thirteen years of age.  Each of the three counts involved a different minor child victim.  Petitioner sought and obtained separate trials of the counts; the two Gross Sexual Imposition matters were tried together to a jury with Judge Durkin presiding.  (Doc. #5-1, Exhibit 46.)  The rape charge was separately tried, to a different judge, Judge Pokorny, sitting by appointment in a bench trial. (Doc. # 5-1, Exhibit 8.)  In the bench trial, Petitioner was acquitted of Rape but found guilty of the lesser included offense of Gross Sexual Imposition.  Judge Pokorny then imposed a five year sentence to be served consecutively with the prison terms Petitioner received as a result of the prior trial on counts One and Two for an aggregate sentence of fifteen years.  At trial, Petitioner was represented by Attorney Gary Van Brocklin.

Petitioner filed a timely notice of appeal, identified by Ohio Seventh District Court of Appeals Case No. 2012 MA 118, and request for appointment of appellate counsel on June 27, 2012. (Doc. #5-1, Exhibit 47.)  The Ohio Seventh District Court of Appeals appointed Attorney Jay Blackstone to represent Petitioner, who was then replaced by Attorney John B. Juhasz who entered an appearance as retained counsel on July 18, 2012.  (Doc. #5-1, Exhibit 47.) Petitioner's retained counsel filed his appellate brief on February 26, 2013.  Through counsel, Petitioner identified three assignments of error: (1) the trial court abused its discretion by sentencing to a mandatory term when the enhancing convictions were separately tried but contained in the same underlying indictment; (2) there was insufficient evidence to convict, resulting in violations of the due process clauses of the Ohio and United States Constitutions; and (3) the guilty verdict was against the manifest weight of the evidence.  The State responded

2

with an opposing brief. The Seventh District Court of Appeals issued its final decision on September 16, 2014. Petitioner did not file a timely appeal of this decision.

On July 22, 2013, while his direct appeal was pending, Petitioner filed a pro se petition for post-conviction relief pursuant to O.R.C. § 2953.21. Petitioner identified four areas for review alleging: (1) his conviction was against the manifest weight of the evidence because the evidence against him was insufficient; (2) his conviction on a lesser included offense violated the due process requirements of the Ohio and United States Constitutions; (3) the trial court abused its discretion when sentencing him to maximum consecutive terms; and (4) he received ineffective assistance from trial counsel. (Doc. #5-1, Exhibit 26.) The Mahoning County Common Pleas Court denied the petition for post-conviction relief as untimely on October 23, 2013. (Doc. #5-1, Exhibit 29.) Petitioner appealed this decision on November 18, 2013, while his direct appeal was pending. This appeal is identified by Ohio Seventh District Court of Appeals Case No. 2013 MA 176. (Doc. #5-1, Exhibit 50.) In an opinion dated September 11, 2014, the Ohio Seventh District Court of Appeals affirmed the judgment of the trial court. The Seventh District Appellate Court found that the petition was untimely as it was filed outside the 180 day window prescribed by O.R.C. § 2953.21 (A)(2). The Appellate Court further found that the issues raised in the petition were barred by res judicata because they could have been raised in the direct appeal, and, with regard to the sufficiency and manifest weight arguments, were explicitly raised in the direct appeal. (Doc. #5-1, Exhibit 36.) Petitioner's timely appeal of this decision, identified by Ohio Supreme Court Case No. 14-1817, concluded when the Ohio Supreme Court declined to exercise jurisdiction on March 11, 2015. (Doc. #5-1, Exhibit 41.)

On January 12, 2015, approximately four months after the entry of the Ohio Seventh District Court of Appeals final Opinion and Order affirming the trial court's judgment and

sentence in Petitioner's direct appeal, Petitioner filed a pro se "Motion to Reissue Judgment." (Doc. # 5-1, Exhibit 47.)  This motion was followed on January 26, 2015 by two additional filings: Petitioner's pro se "Motion for Notification" which cross-listed five Ohio Seventh District Court of Appeals case numbers and Petitioner's "Delayed Application for Reopening" his appeal. (Doc. #5-1. Exhibit 47.)   Petitioner's January 12, 2015 Motion to Reissue Judgment was denied by the court of appeals on January 29, 2015.  (Doc. #5-1, Exhibit 47.)  The appellate court's January 30, 2015 ruling on Petitioner's Motion for Notification is unclear.

In support of his January 26, 2015 Application to Reopen, Petitioner stated that he never received notice of the September 16, 2014 Opinion and Order from appellate counsel and that his failure to file a timely application to reopen or appeal from the decision was due to the inaction of counsel. (Doc. #5-1, Exhibit 18.)   Petitioner further states that he learned of the September Opinion and Order in late December 2014 while using resources in the prison law library. (Doc. #5-1, Exhibit 18.)   Petitioner asked that the Appellate Court find that appellate counsel rendered ineffective assistance in his direct appeal due to appellate counsel's decision not to raise alleged ineffective assistance of trial counsel as error.  In support of his claim of ineffective assistance of counsel, Petitioner attached five substantively identical affidavits, all dated July 1, 2013, from individuals who stated that they attended a birthday party with the other four affiants and while attending the party did not witness Petitioner alone with anyone, alone with the victim, in the swimming pool, in swimming apparel, or hear the victim scream for help.  (Doc. #5-1, Exhibit 18.)

The Seventh District Court of Appeals rejected Petitioner's application to re-open on March 6, 2015 stating that Petitioner failed to demonstrate good cause for his delay in filing and that even if the filing were timely, he had not established a colorable claim for ineffective

assistance of appellate counsel.  (Doc. #5-1. Exhibit 47.)  The Appellate Court noted in this Opinion that "trial counsel did call Julie Mulac at trial.  [Petitioner] attached her affidavit to his application [to re-open].  At trial Mulac contradicted her testimony and admitted seeing Brown in the swimming pool. . . Interestingly, she states in her attached affidavit that she never saw Brown in the swimming pool." *State v. Brown*, Ohio Seventh District Court of Appeals Case No. 12 MA 118, Opinion and Judgment Entry, March 6, 2015, ¶ 8, ftn. 2.  Petitioner appealed the decision denying his application to reopen to the Ohio Supreme Court, which declined to exercise jurisdiction over the matter on June 3, 2015.  (Doc. #5-1, Exhibit 25.)

## II. STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States."  28 U.S.C. § 2254 (d)(1).  For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has

5

been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added). The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted). The Sixth Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly established Federal law 'if the state court correctly identifies the correct governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S. Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v. Taylor*, 529 U.S. 405–407, omitted.

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). Only those portions of a report and recommendation to which the parties have made an objection are subject to review; absent an objection, this Court may adopt the magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145,

106 S.Ct. 466 (1985). With regard to those portions of the Report and Recommendation under review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir. 2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014). Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

### III. LAW AND ANALYSIS

Petitioner identifies seven grounds for relief. The R&R recommends that all seven grounds be dismissed as procedurally barred. Each of Petitioner's seven grounds were previously raised in three separate filings, a direct appeal of the underlying conviction, a motion for post-conviction relief, and an application to re-open the direct appeal, which were filed in the Mahoning Count Common Pleas Court and in the Ohio Seventh District Court of Appeals. Each

filing is governed by different rules, content, and time requirements. Accordingly, this Court will consider the recommendation made in the R&R and any properly stated objections thereto in the context of the filing in which the issue was first raised.

**(A)** **PETITION FOR POST-CONVICTION RELIEF**

Petitioner filed his pro se petition for post-conviction relief, pursuant to O.R.C. § 2953.21, on July 22, 2013, while his appeal as of right, in which he was represented by counsel, was pending. Petitioner sought to have his conviction vacated on four bases, three of which are reproduced as his fifth, sixth, and seventh gounds for relief in his federal *habeas* petition. Those issues, as they appear in his State "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," are:

> Error (1) in State Petition to Vacate/Ground 6 in Federal Petition:
>
> The trial court violated the petitioners rights to a fair and impartial trial when it allowed the conviction to stand against the 'sufficiency' of evidence and 'manifest weight' of evidence. New evidence now submitted demonstrates convulsively that the alleged victim perjured herself. Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
>
> Error (3) in State Petition to Vacate/Ground 7 in Federal Petition:
>
> The trial court created an abuse of discretion when they sentenced the petitioner to the maximum term and ran it consecutive to previous counts and also using the counts on the same indictment as a contributing factor.
>
> Error (4) in State Petition to Vacate/Ground 5 in Federal Petition:
>
> Trial counsel afforded ineffective assistance of counsel for the reasons listed in the issue presented which violated the petitioners rights to a fair and impartial trial against the Sixth Amendment of the United States Constitution and Ohio Constitution art I, § 10.
> Issue Presented: Did trial counsel provide effective assistance of counsel when they failed to:
>     (1) Pursue the issue of sufficiency or weight of evidence.
>     (2) Correct perjured testimony.
>     (3) Review or investigate the states case.
>     (4) Investigate evidence that could be used in defense.

[Petitioner included additional alleged failures in his State post-conviction petition that he did not restate in the Fifth claim made in his federal *habeas* petition]

(Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Doc #5-1, Exhibit 26;

Petition Under U.S.C. § 2254, Doc. #1.)

> Under O.R.C. § 2953.21, in Ohio:
>
> (A)(1)(a) Any person who has been convicted of a criminal offense . . .who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

An individual seeking relief under O.R.C. § 2953.21 must file his or her petition "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Ohio Rev. Code Ann. § 2653.21 (A)(1)(a), (A)(2) (West 2013) (the preceding quotations reflect the version of the code in force when Petitioner filed his petition; these sections have since been amended by 130th General Assembly HB 663, § 1, effective March 23, 2015; the amendments were not retroactive). If an individual seeks relief after the 180-day window, the individual must demonstrate that both (a) and (b), as reflected below, apply to the petition for relief:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
> (b) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . .

9

Ohio Rev. Code Ann. § 2953.23 (West 2013).

On October 23, 2013, the trial court found that the trial transcript was filed in Petitioner's original appeal as of right on October 22, 2012; thus, his motion for post-conviction relief was filed approximately 91 days beyond the 180-day window prescribed by Ohio law (180 days from October 22, 2012 fell on April 20, 2013, which was a Saturday, extending the deadline to the following Monday, the 22nd). The trial court found the petition untimely. The trial court further found that Petitioner made no showing that he was unavoidably prevented from discovering the facts on which the petition was based or that the United States Supreme Court had recognized a new retroactive right. Accordingly, the trial court dismissed the petition on October 23, 2013. *State v. Brown*, Mahoning County Common Pleas Case No. 2009 CR 557, Judgment Entry October 23, 2013. Petitioner filed a timely appeal of the dismissal in November 2013.

On appeal, the Ohio Seventh District Court of Appeals noted that a petition for post-conviction relief "does not allow a defendant to rehash the direct appeal of his criminal conviction" because it is a "narrow remedy" and "res judicata bars any claim that was or could have been raised at the time of trial or on direct appeal." *State v. Brown*, Ohio Seventh District Court of Appeals Case No. 13 MA 176, Opinion September 11, 2014, ¶ 10. According to the Seventh District, "issues properly raised in a postconviction[sic] petition are those which could not have been raised on direct appeal because the evidence supporting the issue is outside the record." *Id.* at ¶ 10. This Court notes, with regard to claims of ineffective assistance of trial counsel, that the Ohio Supreme Court recognizes a limited exception to the general res judicata bar on such claims in a petition for post-conviction relief. The Ohio Supreme Court has found, where a defendant is represented by the same counsel both at trial and on appeal, such ineffectiveness is properly raised in a petition for post-conviction relief, and is not subject to the

10

res judicata bar, whether or not the claim is alleged to rely on evidence outside the record. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, 171 & ftn.1 (Ohio 1982). This exception does not apply to Petitioner, as he retained new counsel for his appeal.

The appellate court thus referenced the applicable standard when concluding that Petitioner's post-conviction petition was untimely. The court further determined that even if the petition were timely, those issues raised in the petition that did not rely on allegedly newly discovered evidence: sufficiency and manifest weight of the evidence; guilt as to a lesser included offense; maximum and consecutive sentences; and ineffective assistance of counsel; could have been raised in a direct appeal and were therefore barred by res judicata. *Brown*, 13 MA 176, *supra.* at ¶ 13-14. The appellate court continued to find that to the extent Petitioner was relying on allegedly newly discovered evidence, such evidence was not properly before the court because it was not accompanied by an explanation detailing why Petitioner was unavoidably prevented from discovering the allegedly new evidence in a timely manner. *Id.* at ¶ 15-16. The appellate court noted that even if it could "look past that deficiency" it would have found that the material presented by Petitioner as newly discovered evidence was "merely cumulative of evidence that was already produced at trial" in the form of five substantively identical statements from individuals previously identified by Petitioner as party attendees, one of whom, his then girlfriend, testified at trial. *Id.* ¶ 17-22.

The Ohio Seventh District Court concluded that the information offered was not new, was merely cumulative of testimony given, was known to Petitioner prior to trial, and was untimely as presented without a showing petitioner was unavoidably prevented from discovering it. The court then overruled Petitioner's assignment of error and affirmed the decision of the trial court dismissing his petition for post-conviction relief. Petitioner filed a timely appeal of this

entry to the Ohio Supreme Court. The Ohio Supreme Court, upon consideration of Petitioner's jurisdictional memorandum, declined to accept jurisdiction over the appeal. *State v. Brown*, Ohio Supreme Court Case No. 2014-1817, March 11, 2015.

The Sixth Circuit Court of Appeals has found that Ohio law recognizes two variants of res judicata in the context of a petition to vacate under O.R.C. § 2953.23: (1) a petitioner could have, but did not, present the claim for review in a direct appeal, and (2) the claim was brought, and fully litigated, on direct appeal. *Durr v. Mitchell*, 487 F.3d 423, 434 (6th Cir. 2007) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 ftn.2 (6th Cir. 2006)). For the purposes of review on a federal habeas petition, the Sixth Circuit only recognizes the first variant of State res judicata as a basis for federal procedural default. *Id.* Where, as here, an Ohio court uses "the doctrine of res judicata to preclude a merits determination of a claim raised in post-conviction proceedings that had been, or should have been, raised on direct appeal" that determination is "an adequate and independent state ground barring federal habeas review." *Durr v. Mitchell*, *supra* at 432, citing *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001) and *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000). Thus, to the extent that the issues raised by Petitioner in his Fifth, Sixth, and Seventh grounds for relief in his federal petition do not rely on allegedly newly discovered evidence, they are barred from federal review due to procedural default.

To the extent that Petitioner's issues rely on the allegedly newly discovered evidence, the appellate court applied the statute of limitations, a procedural requirement, to reject Petitioner's claims. The court continued to observe that could the untimeliness of Petitioner's claim be excused, the claim would fail on the merits because the material was cumulative of testimony actually given at trial by one of the five affiants, and Petitioner failed to make the showing required by the procedural statute that he was prevented from obtaining information from

12

individuals already known to him as potential witnesses. Thus, those claims not barred by res judicata were, nevertheless, untimely. Where, as here, a Petitioner raises a claim of ineffective assistance of trial counsel allegedly supported by evidence outside the record, the Ohio Supreme Court recognizes an additional, limited, exception to the res judicata bar on such claims. Claims of ineffective assistance of trial counsel that cannot "fairly be determined" without "resort to evidence dehors the record" are properly brought in a post-conviction petition. *State v. Cole*, *supra, syllabus*, 171. The submission of such evidence may be sufficient to lift the res judicata bar, if the petition otherwise meets applicable requirements. *Id.* In this matter, the State appellate court found Petitioner's post-conviction petition to be untimely as to his alleged evidence outside the record, thus this aspect of his claim, although otherwise procedurally correct, may nevertheless be barred from federal review.

"For noncompliance with a state procedure to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986)." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir.2006). Under *Maupin*, there must (1) be a state procedure in place that petitioner failed to follow; (2) the state must have actually denied consideration of the petitioner's claim due to the state procedural default; and (3) the statue procedural rule must be an "adequate and independent." *Maupin, supra*, at 138.

With regard to *Maupin*'s first prong, the existence of procedure, prescribed by O.R.C. § 2953.21 is not in dispute. *Under Maupin's* second prong the final state court decision – in *State v. Brown*, Ohio Supreme Court Case No. 2014-1817, Judgment Entry March 11, 2105 – comprises three lines affirming the Ohio Seventh District's decision. Where, as here, the final state court judgment on the issue is an unreasoned order affirming the prior decision in a

formulary sense, the federal court examines the underlying decision to determine whether it explicitly relies on the state procedural default. *Coleman, supra,* and *Ylst v. Nunnemaker*, 501 U.S. 797, 803. (1991), *inter alia*. Under *Maupin's* third prong, the Sixth Circuit explains "a state procedural rule is adequate if it was firmly established and regularly followed by the time it was applied." *Stone v. Moore*, 644 F.3d 342, 347 (2011). The Sixth Circuit has previously recognized a pro se petitioner's failure to comply with the applicable statute of limitations as a procedural bar precluding federal review. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995) (petitioner failed to comply with statute of limitations, his *pro se* status and allegations of ineffective assistance did not overcome a state court's application of the statute of limitations for post-conviction relief). Thus, there are firmly established state procedural rules, under O.R.C. § 2953.21 and 2953.23, applicable to the petition, that Petitioner did not satisfy; the last state court to review the matter invoked the procedural bar; and the Sixth Circuit Court of Appeals has recognized statutes of limitation on post-conviction relief as adequate and independent grounds.

A petitioner facing a statutory bar to presenting his claim on the merits to the appropriate state court cannot present his claim in a federal petition "unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)). To establish cause, the petitioner must present a substantial reason; "[d]emonstrating cause requires a showing that an 'objective factor external to the defense impeded counsel's efforts to comply with' the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

In lieu of demonstrating cause, apart from emphasizing counsel's alleged insufficiency, Petitioner, in his response to the State's Motion to Dismiss on this ground, emphasizes the fact

14

that two of the five affiants were on the witness list for trial. Petitioner's remaining arguments in opposition to the State's motion demonstrate the accuracy of the Ohio Seventh District's observation that the material presented as "new evidence" was known to Petitioner at the time of trial and is offered by witnesses who were identified, and in fact came forward, at the time of trial. Thus, there was no bar to presenting a timely post-conviction petition supported by the exact evidence submitted. It is impossible, under these circumstances, to demonstrate the independent cause necessary to preserve this issue for federal review. Accordingly, to the extent that Petitioner's fifth, sixth, and seventh grounds may be construed to rely on the allegedly new evidence outside the record, the grounds are dismissed in their entirety.

**(B) DIRECT APPEAL AND PETITIONER'S DELAYED APPLICATION FOR REOPENING**

Petitioner failed to file a timely appeal of the Ohio Seventh District Court of Appeals Decision denying his direct appeal. Petitioner likewise failed to file a timely application to reopen his direct appeal. Petitioner cites his appellate counsel's failure to inform him that the appellate court had issued a decision and provide him with a copy of that decision as the common cause for both omissions. The State and the Magistrate's R&R suggest that the issue of untimeliness should be resolved by imputing a timeline based on Petitioner's alleged discovery of the September judgment in late December. This Court's review of the material submitted by the State and the R&R indicates that the bases of Petitioner's first, second, third, and fourth grounds suggest clear issues of cognizability, among others, and would be best addressed on the merits.

The State's decision to address these grounds in the context of a motion to dismiss asserting a procedural bar, when they may be better, and more clearly, disposed of on the merits "adds nothing but complexity to the case." *Babick v. Berghuis*, 620 F.3d 571, 576 (6th Cir.

2010). Had the State filed a complete response to the petition, as required by Rule 5(b) of the Rules Governing § 2254 Cases, this Court would proceed to the merits without passing on the procedural issue. *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2003); *Bales v. Bell*, 722 F.3d 568 (6th Cir. 2015) (federal courts on habeas review are not required to address a procedural default issue before deciding on the merits). In the absence of a full analysis by the State and response from Petitioner, this Court GRANTS Petitioner's Motion to Proceed on the Merits IN PART, as to grounds one through four in his petition, and ORDERS the State to respond to those grounds as instructed by Rule 5(b) of the Rules Governing § 2254 Cases. This matter is re-referred to the Magistrate, pursuant to Loc. R. 72.2 (b), for a new R&R on the merits.

### IV. CONCLUSION

For the reasons set forth herein, this Court finds Petitioner's Objections as to grounds five, six, and seven to be without merit. Accordingly the Objections are OVERRULED. This Court adopts the R&R, as written, as to Grounds Five, Six, and Seven of the Petition only; these grounds are DISMISSED.

This Court declines, at this time, to address the procedural default issue, and GRANTS Petitioner's Motion to Proceed on the Merits, in part, as to grounds One, Two, Three and Four of the Petition. Petitioner's Objections to the R&R as to Grounds One through Four are OVERRULED AS MOOT. The R&R is ADOPTED IN PART AND REJECTED IN PART. The State shall respond to the petition pursuant to Rule 5(b) of the Rules Governing § 2254 Cases within thirty (30) days of the entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

                                          */s/ John R. Adams*
                                          **U.S. DISTRICT COURT JUDGE**
                                          **NORTHERN DISTRICT OF OHIO**

Dated: September 29, 2016