# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MILOUS BROWN**, | ) | **CASE NO.**: 4:15 CV 1782 |
| Petitioner, | ) | |
| v. | ) | **JUDGE JOHN ADAMS** |
| **MICHELLE MILLER**, Warden, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondents. | ) | **AND ORDER** |

This action is before the Court upon objections (Doc. #19) filed by Petitioner, Milous Brown, asserting error in the Magistrate Judge's Report and Recommendation ("the R&R"). (Doc. #18.) The Court OVERRULES Petitioner's objections, ADOPTS the conclusions reached in the R&R as written. The Petition is DISMISSED in its entirety.

## I.  FACTUAL AND PROCEDURAL HISTORY

Petitioner's objections address the analysis of three of his four remaining grounds for relief. Petitioner does not object to the factual background and procedural history presented in the R&R. In the absence of objection, this Court will accept the factual and procedural history reflected in the Report as written.

## II.  STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA

prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001) (emphasis added). The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted). The Sixth Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly

2

established Federal law 'if the state court correctly identifies the correct governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S. Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (internal citations to *Williams v. Taylor*, 529 U.S. at 405-407, omitted).

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). Only those portions of a report and recommendation to which the parties have made an objection are subject to review; absent an objection, this Court may adopt the magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145, 106 S.Ct. 466 (1985). With regard to those portions of the Report and Recommendation under review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907, n. 1 (6th Cir. 2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014). Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed

findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. P. 72(b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004), citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

## III. LAW AND ANALYSIS

Petitioner originally identified seven grounds for relief, three of which were dismissed previously as procedurally barred. Petitioner now addresses his objections to three of his four remaining grounds. The R&R recommends that Petitioner's remaining four grounds for relief be dismissed as they are not cognizable in habeas or in the alternative are procedurally barred. In the absence of an objection to the analysis in the R&R as to ground three, the Court ADOPTS the R&R as written as to ground three. The Court will address Petitioner's remaining grounds.

**(A) Ground One**

The R&R concludes that Petitioner's first ground for relief is without merit because it addresses an issue of state law and as such is not cognizable in *habeas*. Petitioner addresses his objections to the analysis of his sentencing argument. The R&R recommends in the alternative that the ground be dismissed as procedurally defaulted. Petitioner does not address the default analysis. As a whole, Petitioner's objections to the R&R substantively restate arguments made both in his traverse and in his 2012 appeal to the Ohio Seventh District Court of Appeals. Nevertheless, to the extent that Petitioner states specific objections to the R&R's analysis, the Court will address them. Petitioner objects to the R&R's references to the Ohio Seventh District Court of Appeals decision on his direct appeal of his 2011 sentence. Petitioner contends that the R&R erred in accepting the state appellate court's conclusion that severing charges had the

4

practical effect of creating two separate indictments. Petitioner further objects to the conclusion that his arguments fail to raise a federal constitutional issue and to the conclusion that *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, is both inapposite and superseded by statute. Petitioner's interdependent arguments revolve around his belief that *Smith* should operate to preclude a guilty verdict resulting from the first trial of a count severed from a single indictment serving as the basis for a mandatory term of incarceration, pursuant to O.R.C. § 2907.05(C)(2)(b), at sentencing after a guilty verdict in the second trial. Petitioner urges the Court to conclude that this application of *Smith* is necessary to prevent a violation of his Federal due process rights. The facts relevant to Petitioner's objections are briefly summarized below.

Petitioner was originally charged in May 2009 by the Mahoning County Grand Jury in a single indictment. The indictment included two counts of gross sexual imposition ("GSI") in violation of O.R.C. § 2907.05(A)(4)(B) and one count of rape in violation of O.R.C. § 2907.02(A)(1)(b)&(B). Both GSI counts were alleged to have occurred in 2009 involving two different minor child victims under the age of 13. The rape count was alleged to have occurred in 2006 and involved a third minor child victim under the age of 13. Petitioner sought to have the three counts in his May 2009 indictment severed because each alleged offense involved a different victim at a different time and in a different location and he believed his due process rights would be severely prejudiced if a jury was allowed to hear evidence on all charges in a single trial. The trial court granted Petitioner's motion for severance in part. The court ordered that the GSI counts – one and two in the indictment – would be tried together. Count three – rape – would be tried separately. Petitioner was first tried in April 2011 and found guilty of two counts of GSI.

On June 5, 2012, more than a year after a verdict and sentence were entered on counts one and two, count three was separately tried to the bench. At trial Petitioner was found guilty of the

lesser included offense of gross sexual imposition in violation of O.R.C. § 2907.05(A)(4) and scheduled for sentencing on June 7, 2012. At sentencing, the trial court imposed a five year sentence, to run consecutively with the sentences previously imposed for his convictions on counts one and two in the indictment for an aggregate term of fifteen years. The trial court further found that, pursuant to O.R.C. § 2907.05(C)(2)(b), Petitioner's five year sentence would be mandatory due his 2011 GSI convictions.

Petitioner contends that the trial court misinterpreted O.R.C. § 2907.05(C)(2)(b) which provides that an Ohio court "shall impose" a "mandatory prison term" on an offender who "[was] previously convicted of or pleaded guilty to [gross sexual imposition] . . . and the victim of the previous offense was less than thirteen years of age." Petitioner asserts that a prior conviction resulting from charges severed from a single indictment cannot be considered a "previous conviction" for the purposes of sentencing. In support of his argument, Petitioner cites an Ohio Supreme Court decision finding that a sexually-violent-predator specification could only be based on a conviction entered prior to the indictment charging the specification. *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283.

The version of the statute involved in *Smith* required that a sexually-violent-predator specification be included in "the indictment, count in an indictment, or information" as a statement "in substantially the following form: 'SPECIFICATION (or SPECIFICATION AS TO THE FIRST COUNT). The grand jury (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that the offender is a sexually violent predator.'" 1996 Ohio Laws File 200 (H.B. 180), § 2941.148 (A), effective 1-1-97.

The statute further directed "[i]n determining for purposes of this section whether a person is a sexually violent predator, all of the factors set forth in divisions (H)(1) to (6) of section 2971.01

of the Revised Code that apply regarding the person may be considered as evidence tending to indicate that it is likely that the person will engage in the future in one or more sexually violent offenses." 1996 Ohio Laws File 200 (H.B. 180), § 2941.148 (B), effective 1-1-97. At that time O.R.C. § 2971.01(H)(1) stated "'Sexually violent predator' means a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." 1996 Ohio Laws File 200 (H.B. 180), § 2971.01 (H)(1), effective 1-1-97.

In *Smith* the Ohio Supreme Court was presented with the issue of whether the conviction "required to support the sexually violent predator specification" could be alleged in the same indictment that included the specification. *Smith*, 104 Ohio St.3d at 116. The *Smith* Court found in the negative and held, pursuant the version of O.R.C. § 2971.01(H)(1) then in force, that "only a conviction that existed prior to the indictment of the underlying offense can be used to support the specification." *Smith*, 104 Ohio St.3d at 116. The Ohio Supreme Court reached this conclusion using that court's own principles of statutory interpretation without reference to federal law or United States Supreme Court precedent.

In 2012, the Ohio Seventh District Court of Appeals declined to apply *Smith* in Petitioner's appeal of his sentence. The reviewing court found that the case was both superseded by statute and inapposite because unlike the sentencing factor at issue here, *Smith* dealt with a specification that must (1) be charged in an indictment as an element of the offense and (2) be proved at trial. Doc. #5-1. Ex. 13, p. 8. The Ohio statute applied by the trial court to impose a mandatory sentence on Petitioner includes no indictment or trial prerequisite akin to those analyzed in *Smith*. Even if the analysis in *Smith* had some arguable application to Petitioner's circumstances, any arguable relevance was extinguished by the Ohio State Legislature in January 2005 when, approximately

"[f]our months after the court's holding in *Smith*, the legislature amended the statute, effective April 29, 2005." *State v. Wagers*, 12th Dist. Preble No. CA2009-06-018, 2010-Ohio-2311, ¶ 30. The opening paragraphs of H.B. 473 stated that the purpose of the amendments to O.R.C. § 2971.01(H)(1) were "to clarify that the Sexually Violent Predator Sentencing Law does not require that an offender have a prior conviction of a sexually violent offense in order to be sentenced under the law." 2004 Ohio Laws File 163 (Am. Sub. H.B. 473). After the amendments passed, the resulting statute, effective April 29, 2005, stated "'Sexually violent predator' means a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." O.R.C. § 2971.01(H)(1), 2004 H 473, eff. 4-29-05. Thus, since April 29, 2005, *Smith* reflects neither the letter nor the spirit of Ohio sentencing law. Even if *Smith* included any reference to Federal Constitutional law, which it does not, any arguable relevance to Petitioner's sentencing ended before he committed the offenses he was convicted of in 2011 and in 2012. No principle articulated in *Smith* had any application to Petitioner's sentencing more than six years after the case was superseded by statute.

Apart from his mistaken references to *Smith*, Petitioner offers no decisional law or other legal support for the balance of his sentencing argument. Petitioner objects to decisions made by Ohio courts applying Ohio sentencing statutes. The United States Supreme Court cautions federal courts to defer to state court interpretations of state law: "[w]e are mindful that Ohio courts, 'have the final authority to interpret . . . that State's legislation.'" *Brown v. Ohio*, 432 U.S. 161, 167 (1977) (quoting *Garner v. Louisiana*, 368 U.S. 157, 169 (1961)) (in *Brown* the United States Supreme Court concluded that an Ohio appellate court's interpretation of an Ohio statute defining the elements of a crime was authoritative, but reversed on the issue of Federal double jeopardy).

8

Simply stated "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014).

Petitioner briefly attempts to remedy the absence of relevant Federal law by citing two United States Supreme Court cases, *Chewning v. Cummingham*, 368 U.S. 443 (1962) and *Reynolds v. Cochran*, 365 U.S. 525 (1961), that discuss the denial of the right to counsel at trial on recidivist charges. Petitioner urges this Court to find a basis for 28 U.S.C. § 2254 review, overlooked by the Magistrate, therein. Petitioner is mistaken. What he requests would not be the application of clearly established federal law, he is not challenging procedural or substantive fairness of either of his trials, instead he objects to a state court's interpretation of what constitutes a prior conviction for purposes of sentencing. Petitioner has not identified the unreasonable application of clearly established Federal law expressed by the Supreme Court of the United States necessary to demonstrate a basis for *habeas* relief under 28 U.S.C. § 2254. *See e.g. Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003): "the actual computation of Kipen's prison term involves a matter of state law that is not cognizable under 28 U.S.C. §2254" (citing *Estelle v. McGuire*, 502 U.S. 62, 68 112 S.Ct. 475 (1991) (in which the U.S. Supreme Court found that evidence incorrectly admitted pursuant to state law did not merit Federal *habeas* review because "federal habeas corpus relief does not lie for errors of state law.")). Without delving any further into the interpretation of State law that ADEPA was specifically designed to avoid, this Court joins the R&R and the Ohio Seventh District Court of Appeals and rejects Petitioner's argument that *Smith* should in any way govern his sentence on due process grounds or otherwise. Petitioner has not identified an error of fact or law in the Magistrate's Report and Recommendation; accordingly this Court will accept the R&R as written with regard to Ground One of the Petition. 28 U.S.C. § 636(b)(1). Petitioner's objection to the R&R's analysis of Ground One is OVERRULED.

**(B) Grounds Two and Four**

Petitioner's objections to the R&R's analysis of his second and fourth grounds for relief reproduce entire pages of his Traverse to the Writ, simply state his disagreement with the R&R and the state reviewing court's decision, and are devoid of the necessary violation of "clearly established Federal law" or "unreasonable determination of the facts in light of the evidence presented" necessary to sustain *habeas* relief under AEDPA. 28 U.S.C. § 2254(d). This Court is constrained to issue a writ only where such law has been "applied *unreasonably,* not merely erroneously or incorrectly." *Williams v. Taylor*, *supra* at 365; *Bailey v. Mitchell*, *supra* at 656 (emphasis added). Petitioner has made no such showing. The materials offered in support of his second and fourth Grounds omit any reference to an unreasonable application of federal law and instead indicate Petitioner's dissatisfaction with the evidence presented at trial and counsel's decision not to offer duplicative testimony at trial.

Much as Petitioner has ignored the requirements of AEDPA in choosing and framing his arguments, he has similarly ignored Fed. R. Civ. Pro. 72 (b)(3), which requires him to "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections," in making his objections. In lieu of specifically identifying an error of fact or law in the proposed findings and recommendations, Petitioner has elected to recycle the arguments made in his Traverse. As such his "objections" which do "nothing more than state a disagreement with a magistrate's suggested resolution or simply [summarize] what has been presented before" are not objections "as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d at 747 citing *U.S. v. Walters*, 638 F.2d. at 949-950. Thus, in the absence of a cognizable claim for relief in *habeas*\and without a substantive objection to the R&R

Petitioner's second and fourth grounds for relief are OVERRULED in their entirety. The R&R is adopted as written as to Petitioner's second and fourth grounds.

## IV. Conclusion

For the reasons set forth herein, this Court finds Petitioner's Objections to the R&R on grounds one, two, and four of his Petition are without merit. Petitioner's Objections are therefore OVERRULED. Petitioner states no objection as to his third ground. This Court has reviewed the Report and Recommendation and, having found it legally and factually accurate, hereby ADOPTS the Report and Recommendation as to all remaining grounds. The Petition for Writ of Habeas Corpus is DISMISSED IN ITS ENTIRETY.

This Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that an appeal of this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

                                                   */s/ John R. Adams*
                                                **U.S. DISTRICT COURT JUDGE**
                                                **NORTHERN DISTRICT OF OHIO**

Dated: September 27, 2018